UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Case No. 3:21-cv-30092-MGM |
| RIVETZ CORP., RIVETZ INTERNATIONAL SEZC, and STEVEN K. SPRAGUE, | : : : | |
| Defendants. | : : | |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
CONSENT MOTION TO EXTEND DEADLINE TO FILE PROPOSED JUDGMENT**

Plaintiff Securities and Exchange Commission (the "Commission") respectfully requests an extension of its deadline to file a proposed judgment. On September 30, 2024, the Court granted the Commission's motion for summary judgment, holding that Defendants' initial coin offering was an illegal unregistered offering of securities. *See* Mem. Op. & Order (ECF No. 62). The Court ordered the Commission to file by October 22, 2024, a proposed judgment for injunctive and monetary relief, and ordered Sprague to file any objections by November 5, 2024. *Id.* For the reasons stated below, the Commission seeks additional time to determine the correct amount of disgorgement and Defendants' assets available to satisfy a judgment, and to explore the possibility of settlement. The parties have conferred, and Defendant Sprague has consented to the extension requested.

**ARGUMENT**

Because the Court has held that Defendants conducted an unregistered offering of securities in violation of the Securities Act, it next must determine what injunctive and monetary

1

relief is appropriate. Both inquiries are fact specific. With respect to injunctive relief, Section 20(b) of the Securities Act provides for the imposition of injunctive relief preventing future violations of the securities laws upon a showing that a defendant has violated the securities laws and that there is a reasonable likelihood of future violations. 15 U.S.C. § 77t(b); *SEC v. Sargent*, 329 F.3d 34, 39 (1st Cir. 2003) ("The legal standard for issuing an injunction is "reasonable likelihood of recidivism, not an imminent threat of it."). To determine the reasonable likelihood of any future violation, courts consider the totality of the circumstances surrounding the defendant and its violation of the securities laws and consider a number of factors, including: (1) the isolated or recurrent nature of the violation; (2) the egregiousness of the conduct; (3) the defendant's recognition of wrongful conduct; (4) whether the defendant will, owing to its business, be in a position to violate again; and (5) the sincerity of the defendant's assurances against future violations. *See*, *e.g.*, *Sargent*, 329 F.3d at 39; *SEC v. Smith*, No. 14-cv-192-PB, 2015 WL 4067095, at *9 (D.N.H. July 2, 2015). None of the factors is dispositive.

A similarly fact-specific inquiry attends a request for monetary relief. The Securities Exchange Act of 1934 expressly authorizes the Court to grant disgorgement in enforcement actions "of any unjust enrichment by the person who received such unjust enrichment as a result" of their securities laws violation. 15 U.S.C. § 78u(d)(3), (7). Disgorgement is a "profit-based measure of unjust enrichment" that is measured by the defendant's "wrongful gain," and is ordered to reflect the "foundational principle" of equity that "it would be inequitable that a wrongdoer should make a profit out of his own wrong." *Liu v. SEC*, 140 S. Ct. 1936, 1943 (2020) (internal quotations omitted); *SEC v. Sargent*, 329 F.3d 34 (1st Cir. 2003) (disgorgement "is intended to deprive wrongdoers of profits they illegally obtained by violating the securities

2

laws"). The Supreme Court has emphasized, however, that "courts must deduct legitimate expenses before ordering disgorgement[.]" *Liu*, 140 S. Ct. at 1950.

As explained in summary judgment briefing, Defendants' 2017 initial coin offering raised approximately $18 million worth of Ethereum tokens at the then-prevailing Ethereum price. The Commission, however, has not argued that Defendants' enterprise was fraudulent, and as a result it must determine with precision how the funds were used, what business expenses were legitimate, and what assets remain to satisfy a judgment.

The Commission hopes to work cooperatively with Defendants to obtain the required documentation and perform its accounting analysis, but doing so will take additional time. The Commission proposes to file a status report within 60 days, i.e., by December 21, 2024, updating the Court on the parties' progress toward completing this process.

## CONCLUSION

For the reasons stated above, the Commission requests that it be permitted to file a status report or proposed judgment by December 21, 2024.

Dated: October 17, 2024                      Respectfully submitted,

                                                    /s/ *Damon W. Taaffe*
                                                    Damon W. Taaffe
                                                    U.S. Securities and Exchange Commission
                                                    Division of Enforcement
                                                    100 F Street, N.E.
                                                    Washington, DC 20549
                                                    (202) 551-7420
                                                    taaffed@SEC.gov

                                                    Attorney for Plaintiff
                                                    U.S. Securities and Exchange Commission

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2024, a copy of the Commission's consent motion to extend time to file a proposed judgment was sent via e-mail to the following:

>Steven K. Sprague, *pro se*
>steven@sprague.com

>/s/ Damon W. Taaffe
>Damon W. Taaffe